UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NICOLE FINLEY<br>5665 Cleves Warsaw<br>Cincinnati, OH 45238 | : <br> : <br> : <br> : | Case No. 22-cv-00720 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| SEVEN HILLS OB-GYN ASSOCIATES,<br>INC., D/B/A AXIA WOMEN'S HEALTH,<br>D/B/A SEVEN HILLS WOMEN'S HEALTH<br>CENTERS<br>2060 Reading Rd #150<br>Cincinnati, OH 45202 | : <br> : <br> : <br> : <br> : <br> : <br> : | **COMPLAINT WITH JURY DEMAND** |
| Defendant. | : | |

Plaintiff Nicole Finley, complaining of Defendant Seven Hills OB-GYN Associates, Inc., D/B/A Axia Women's Health, D/B/A Seven Hills Women's Health Centers, states as follows:

**PARTIES**

1. Plaintiff Nicole Finley ("Plaintiff") is a resident and citizen of the State of Ohio and a citizen of the United States.

2. Defendant Seven Hills OB-GYN Associates, Inc. D/B/A Axia Women's Health, D/B/A Seven Hills Women's Health Centers ("Defendant") is an Ohio corporation doing business in Ohio with its principal place of business in Ohio.

3. Defendant is an employer under federal and Ohio law and is liable for the claims brought in this complaint.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. Plaintiff's Count I arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2615, *et. seq.* ("FMLA") and Count II arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

5. This Court has supplemental jurisdiction over the remaining Count pursuant to 28 U.S.C. § 1367, because it arises out of the same set of operative facts as those relevant to Counts I and II to make them part of the same case in controversy.

6. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to these claims occurred in this division and district.

7. Plaintiff timely filed a Charge of Discrimination on October 26, 2021 with the Equal Employment Opportunity Commission ("EEOC") under its work-sharing agreement with the Ohio Civil Rights Commission alleging disability discrimination.

8. Plaintiff was issued a Notice of Right to Sue from the EEOC, and this Complaint is filed within 90 days of the Notice.

## FACTUAL ALLEGATIONS

9. Defendant is a provider of outpatient medical care for women, including OB/GYN, breast health, pregnancy, urogynecology, and fertility in over 10 facilities in the Cincinnati, Ohio area that employ hundreds of people.

10. Plaintiff was employed by Defendant and its predecessors for over 14 years, since September 2006, until she was terminated on December 31, 2020 shortly before she was scheduled to undergo surgery for a disability.

11. Defendant hired Plaintiff as a Sonographer in September 2006 and promoted her to Ultrasound Manager in 2016 reporting to Operations Director Holly Woprice and Senior Vice President Jennifer Dunaway.

12. As Ultrasound Manger, Plaintiff was responsible for ensuring that billing and charting information was correctly entered and recorded for ultrasound services and for ensuring that ultrasound technicians were appropriately paid and scheduled.

13. Plaintiff was a loyal and dedicated employee of Defendant and was fully qualified for her position at all times.

14. Plaintiff been disabled by a shoulder injury since on or about July 2019 that required surgery before she was able to return to work later in 2019.

15. Plaintiff applied for and received FMLA leave from Defendant for her time off for surgery and recovery in 2019.

16. After the injury, Plaintiff's disabilities significantly impacted her life activities of lifting, pulling, sleeping, or manual tasks throughout the remainder of her employment with Defendant.

17. When Plaintiff returned to work after her first surgery, she was medically restricted in the hours per day that she could perform actual ultrasounds and remained restricted as to scanning patients until Defendant terminated her employment on or about December 31, 2020.

18. Plaintiff also required scheduling accommodations to undergo physical therapy when she returned.

19. Defendant was also aware of Plaintiff's disabilities because the injury occurred at work, and she filed for workers' compensation benefits.

20. Both Plaintiff and the Ohio Bureau of Workers' Compensation kept Defendant fully apprised throughout the remainder of Plaintiff's employment of the limitations caused by her shoulder disability and her need for the two surgeries and therapy to treat the injury.

21. Defendant's Human Resources refused to compensate her for time off for workers' compensation-related hearings or treatment and made her clock in and out for those appointments.

22. Plaintiff told Ms. Woprice and Ms. Dunaway in November 2020 that she needed an additional surgery as soon as possible for her shoulder disability and several weeks off for recovery.

23. Plaintiff did not take FMLA leave throughout 2020, and her upcoming surgery would have qualified for FMLA and disability leave.

24. In response to Plaintiff's request for time off for surgery, Plaintiff's managers pressed her as to how long she would need off in the context of a shortage of staff in the ultrasound department, so Plaintiff delayed her surgery until January 2021.

25. Defendant would not have been permitted to replace Plaintiff by law while she was on FMLA leave.

26. Plaintiff discovered on or about December 28, 2021 in the routine course of her duties that a technician reporting to her failed to clock out and was not being billed for services she received from Defendant.

27. Plaintiff immediately notified appropriate personnel of the time theft.

28. In response, Ms. Dunaway suspended Plaintiff, attempted to keep her from communicating with Human Resources, and ultimately terminated her under false pretenses for nonexistent HIPAA infractions.

29. Plaintiff was explicitly authorized to view ultrasound medical information of all patients as a treatment-related and payment-related health care operations activity.

30. Ms. Dunaway and Ms. Woprice were aware that another of Defendant's employees had committed an actual HIPAA violation a few months prior that was a serious breach of the patient's rights, and they were also aware that the employee attempted to cover up her transgression.

31. The employee, named Laura, provided a patient with another woman's scan and medical information, and the patient lodged a complaint with Defendant's central business office.

32. On the direction of Defendant's upper management, including the Vice President of Human Resources, this employee received only a written warning and would have been merely counseled had she not tried failed to self-report.

33. The employee who committed that violation did not take FMLA leave and did not have any disabilities or serious health conditions.

34. Ms. Dunaway and Ms. Woprice used the fact that Plaintiff had accessed health information about an ultrasound patient for billing and internal management purposes as an excuse to terminate her employment so that they could avoid having to provide Plaintiff with more leave or other accommodations and to replace her once she was terminated.

35. Plaintiff was shortly replaced by a non-disabled person who did not have any serious health conditions.

36. Plaintiff observed and was informed of Defendant's managers mistreating a disabled midwife employee because of that employee's disability.

37. On information and belief, Defendant has, under false pretenses, terminated other disabled employees who took medical or disability leave or forced them to quit.

38. Defendant engages in a pattern and practice of discrimination against disabled employees.

5

39. Defendant engages in a pattern and practice of discrimination against employees who take FMLA-protected leave and interfering with their FMLA right to leave.

### COUNT I - (FMLA Interference)

40. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

41. Plaintiff had a serious health condition.

42. Plaintiff availed herself of her right to FMLA leave as a result of her serious health condition by properly notifying Defendant of her need for medical leave and by taking medical leave.

43. Defendant interfered with Plaintiff's FMLA rights by discriminating against her and discharging her for taking FMLA leave and by terminating her employment to prevent her from taking more leave, in violation of the FMLA.

44. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief.

### COUNT II - (Disability Discrimination – ADA)

46. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

47. Plaintiff was fully qualified for her position at all relevant times.

48. Plaintiff requested reasonable accommodation for her disability.

49. Defendant discriminated against Plaintiff because she is disabled, it perceived her as disabled, or she had a record of a disability and because she requested accommodation for her disabilities.

50. Defendant discriminated against Plaintiff by treating her less favorably than non-disabled people and terminating her employment, in violation of the ADA.

51. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief.

### COUNT III - (Disability Discrimination – O.R.C. Chapter 4112)

53. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

54. Plaintiff was fully qualified for her position at all relevant times.

55. Plaintiff requested reasonable accommodation for her disability.

56. Plaintiff complained to Defendant that she was being discriminated against because of her disability.

57. Defendant discriminated against Plaintiff because she is disabled, it perceived her as disabled, or she had a record of a disability; because she requested accommodation for her disabilities; and because she complained that Defendant discriminated against her because of her disability.

58. Defendant discriminated against Plaintiff by treating her less favorably than non-disabled people and terminating her employment, in violation of Ohio Revised Code Chapter 4112.

59. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated to her employment;

(b) That Defendant be enjoined from further unlawful activity;

7

    (c)    That Plaintiff be awarded all past, present, and future lost compensation and benefits and the value thereof;

    (d)    That Plaintiff be awarded compensatory damages;

    (e)    That Plaintiff be awarded liquidated damages;

    (f)    That Plaintiff be awarded punitive damages;

    (g)    That Plaintiff be awarded reasonable attorneys' fees and costs;

    (h)    That Plaintiff be awarded prejudgment interest;

    (i)    That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation or benefits over separate tax years; and

    (j)    That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Tuck
Elizabeth S. Tuck (0076542)
Trial Attorney for Plaintiff
The Tuck Firm, LLC
810 Sycamore Street, Fourth Floor
Cincinnati, OH 45202
Phone: (513) 545-6781 / Fax: (513) 263-9081
*lisa@tuckfirm.com*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Elizabeth S. Tuck

8