**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| NICEOLE FINLEY, | : | Case No. 1:22-cv-720 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| vs. | : | |
| SEVEN HILLS OB-GYN ASSOCIATES, LLC, | : | |
| Defendant. | : | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS (Doc. 44)**

This action is before the Court upon the Order Granting Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 40) of United States Magistrate Judge Karen L. Litkovitz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). Defendant filed Objections (Doc. 44) to the Order. Plaintiff filed a Response in Opposition to the Objections (Doc. 47), to which Defendant filed a Reply in Support (Doc. 48). Thus, this matter is ripe for the Court's review.

Rule 72(a) allows a party to object to a Magistrate Judge's order on nondispositive issues. *See* Fed. R. Civ. P. 72(a). When reviewing a Magistrate Judge's decision on a nondispositive issue, the district court applies a "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "Review under Rule 72(a) provides considerable deference to the determinations of magistrates." *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014) (quotation omitted).

"Magistrate Judges have broad discretion to regulate nondispositive matters." *Bonasera v. Pennsylvania Nat'l Mutual Cas. Insurance Co.*, No. 2:19-CV-3817, 2021 U.S. Dist. LEXIS 85835, at *2 (S.D. Ohio May 5, 2021) (quotation omitted). "Reversal is warranted only if that discretion is abused." *Id.* "An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Id.*; *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

In the Order, the Magistrate Judge granted Plaintiff leave to amend her Complaint (Doc. 1) to add Axia Ohio Management, LLC and Regional Women's Health Management, LLC as joint-employer defendants. (*See* Order, Doc. 40.) Under Federal Rule of Civil Procedure 16(b), the Magistrate Judge found good cause for the late amendment because Defendant's delayed discovery disclosures and misleading representations concealed the relevant corporate relationships until 2025. (*Id.* at Pg. ID 517-19.) Evaluating the Rule 15(a) factors, the Magistrate Judge also determined that Plaintiff did not engage in undue delay or act in bad faith, nor would the amendment be futile or cause Defendant undue prejudice, such that amendment would be prohibited. (*Id.* at Pg. ID 519-31.) The Magistrate Judge thus permitted Plaintiff's amendment to proceed. (*See id.*)

Defendant first objects to the Magistrate Judge's finding of good cause under Rule 16(b) to allow Plaintiff to seek amendment after the formal calendar deadline to do so. (*See* Objections, Doc. 44.) "The primary measure of Rule 16's 'good cause' standard is the

moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

Defendant argues that Plaintiff lacked diligence because she knew of "Axia" since 2020 and delayed seeking leave after receiving the Management Services Agreement that defined the parties' relationship in April 2025. (Objections, Doc. 44, Pg. ID 676-80.) But, as the Magistrate Judge found, general awareness of a trade name like "Axia" did not equate to knowledge of the specific legal entities brought in as parties. (Order, Doc. 40, Pg. ID 517-19.) Defendant's discovery disclosures further muddled the issue as to Axia's relationship to Defendant, identifying "Axia" as merely a trade name. (*Id.* at Pg. ID 518-19.) Although the Magistrate Judge did not explicitly discuss the post-April calendar days, she nevertheless considered the overall timeline, including Defendant's misleading representations and delayed disclosures, in finding diligence. (*See id.*) The Magistrate Judge's holistic finding of diligence is therefore supported by the record and neither clearly erroneous nor contrary to law.

Defendant's second argument centers around undue prejudice, framing it under both the Magistrate Judge's consideration of Rule 16(b) good cause and her ultimate determination permitting amendment under Rule 15(a). (Objections, Doc. 44, Pg. ID 680-82.) Under Rule 15(a)(2), courts freely grant leave to amend when justice so requires, adhering to a liberal policy that strongly favors allowing parties to amend their pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In evaluating whether to grant leave,

courts consider, among other things, undue prejudice to the opposing party. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).

Defendant argues that Plaintiff's delayed amendment would cause undue prejudice in the form of overdue case resolution and additional defense costs. (Objections, Doc. 44, Pg. ID 680-82.) But, as Magistrate Judge Litkovitz properly considered, discovery in this case is not closed, deadlines have been stayed, and no trial date has been set—meaning Defendant was not otherwise entitled to an immediate conclusion of the litigation. (Order, Doc. 40, Pg. ID 521-24.) Further, while some additional expenses may be incurred, Defendant has acknowledged that its core defenses remain unchanged despite the addition of the new parties. (*See* Defendant's Response to Motion to Amend, Doc. 36, Pg. ID 408.) Although adding parties inherently carries some expense and delay, the Magistrate Judge appropriately weighed the stayed schedule and identical legal issues to conclude that this routine burden did not amount to undue prejudice. (Order, Doc. 40, Pg. ID 521-24.) Her determination was a reasonable exercise of judicial discretion and is far from clearly erroneous or contrary to law.

Thus, on review, the Court finds that Defendant's Objections (Doc. 44) are not well-taken and are accordingly **OVERRULED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE